UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK STRONG,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTIONS CENTER, and SUPERINTENDENT JAMES R. KEY,<br><br>  Defendants. | NO. 2:20-CV-0461-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND REMANDING CASE TO STATE COURT |

BEFORE THE COURT are Defendants' Motions for Judgment on the Pleadings (ECF Nos. 4, 8). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Defendants' Motion for Judgment on the Pleadings (ECF No. 4) is GRANTED and

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AND REMANDING CASE TO STATE COURT ~ 1

Defendants' Motion for Judgment on the Pleadings (ECF No. 8) is DENIED as moot.

## BACKGROUND

This case concerns injuries Plaintiff sustained after he fell while incarcerated at Airway Heights Correction Center. ECF No. 6-1 at 1. On or about December 4, 2018, Plaintiff fell breaking his wrist and injuring his hip after stepping on a wooden ramp at an entrance to a building at Airway Heights Correction Center. ECF No. 6-1 at 2, ¶¶ 2.1-2.3; at 3, ¶ 2.9. The ramp was located under the roof of the building, which allowed water and ice to accumulate on the ramp, creating slippery conditions. ECF No. 6-1 at 2 ¶ 2.2; at 3 ¶ 2.7. Although the ramp's surface was once affixed with sandpaper tape, the tape had been removed and the ramp did not have any traction tape or skid resistant material at the time Plaintiff fell. ECF No. 6-1 at 3 ¶¶ 2.5-2.6. There were no warning signs to alert people to the dangerous conditions. ECF No. 6-1 at 3 ¶ 2.8. Plaintiff continues to experience pain in his elbow, shoulder, lower back, left hip, and neck. ECF No. 6-1 at 3 ¶ 2.10.

Plaintiff filed a Complaint in Spokane County Superior Court on November 16, 2020 alleging violations of state and federal law. ECF No. 1-1. Defendants removed the case to this Court on the grounds that Plaintiff's claims under 42 U.S.C. § 1983 and *Monell* liability present federal questions. ECF No. 1 at 1.

Defendants now move for judgment on the pleadings regarding Plaintiff's claims under § 1983, *Monell*, and Article 1, Section 3 of the Washington State Constitution. ECF Nos. 4, 8. Plaintiff opposes the motions, but requests remand to State court should the Court grant Defendants' motions. ECF No. 6 at 6.

## DISCUSSION

### I. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference[.]" *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

### A.  Plaintiff's Federal Law Claims

Plaintiff alleges federal causes of actions arising under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. For City of New York*, 436, U.S. 658 (1978). ECF

1  No. 6-1 at 4, at 9.  Defendants argue they are not "persons" under § 1983 or

2  *Monell*, and thus are entitled to judgment on the pleadings.  ECF No. 4 at 2.

3      To state a claim under § 1983, a plaintiff must establish (1) the defendant is

4  a person acting under the color of state law, and (2) the defendant's conduct must

5  have deprived the plaintiff of rights, privileges, or immunities secured by the

6  Constitution or laws of the United States.  *Anderson v. Warner*, 451 F.3d 1063,

7  1067 (9th Cir. 2006).  It is well settled that States and State agencies are not

8  susceptible to suits under 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State*

9  *Police*, 491 U.S. 58, 71 (1989) (holding neither a State nor its officials acting in

10 their official capacities are "persons" under § 1983); *Maldonado v. Harris*, 370,

11 F.3d 945, 951 (9th Cir. 2004) (state agency not amenable to suit under §1983).

12 Here, Defendants State of Washington, Washington State Department of

13 Corrections, Airway Heights Corrections Center, and Superintendent Key acting in

14 his official capacity are State actors and are therefore not "persons" susceptible to

15 suit under § 1983.  *See* RCW 72.09.

16     Plaintiff's claim for *Monell* liability also fails.  The holding in *Monell*

17 applies only to "local government units which are not considered part of the State

18 for Eleventh Amendment purposes." *Monell*, 436 U.S. at 690 n.54.  Again,

19 Defendants are State actors, not "local government units."  They cannot be held

20 liable under *Monell*.

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AND REMANDING CASE TO STATE COURT ~ 5

Plaintiff argues Defendants are subject to § 1983 and *Monell* liability because the Washington Legislature waived sovereign immunity under RCW 4.96.010 and 4.92.090. ECF No. 6 at 3, at 5. Plaintiff's argument is misguided. As an initial matter, Defendants are not presently asserting the defense of sovereign immunity under the Eleventh Amendment; rather, they argue they are not "persons" for the purposes of § 1983 claims. ECF No. 7 at 3. As Defendants properly note, the defense of Eleventh Amendment immunity is separate and distinct from the issue of whether Defendants are "persons" within the definition of § 1983. *See, e.g., Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002); *Mueller v. Dep't of Pub. Safety*, No. CV 17-00571 HG-WRP, 2020 WL 1866428 (D. Haw. Apr. 14, 2020).

Further, Plaintiff misconstrues the application of RCW 4.96.010, which applies only to "local governmental entities." The term "local governmental entities" is narrowly defined as "a county, city, town, special district, municipal corporation, . . . quasi-municipal corporation, . . . or public hospital." RCW 4.96.010(2). Defendants are not local governmental entities; they are State actors. Thus, RCW 4.96.010 does not apply to Defendants or the case at bar.

RCW 4.92.090 is also inapplicable. The statute states, "[t]he state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND REMANDING CASE TO STATE COURT ~ 6

a private person or corporation." RCW 4.92.090. While this statute affects Washington State's immunity in its own courts, the Ninth Circuit and Washington courts have found it does not have any bearing on State immunity in federal courts. *See McConnell v. Critchlow,* 661 F.2d 116, 117 (9th Cir. 1981) (citation omitted); *Rains v. State,* 100 Wash. 2d 660, 667-68 (1983)). Thus, RCW 4.92.090 is equally irrelevant in the present case.

Finally, Plaintiff's references to *Yim v. City of Seattle*, 194 Wash. 2d 682, 686, 451 P.3d 694, 696 (2019), *as amended* (Jan. 9, 2020) and *LaPlante v. State*, 85 Wash. 2d 154 (1975) are irrelevant to a § 1983 analysis. Both cases involved only Washington state law issues.

The Court finds Defendants are not "persons" against whom a § 1983 claim may be brought nor are they "local government units" against whom a claim for *Monell* liability may be brought. Defendants are entitled to judgment in their favor on Plaintiff's federal law claims arising under 42 U.S.C. § 1983 and *Monell*.

B.    **Plaintiff's State Law Causes of Action**

Plaintiff's remaining causes of action allege common law negligence and violations of Article 1, Section 3 of the Washington State Constitution. ECF No. 6-1 at 4-6. Defendants move for judgment on the pleadings regarding the Washington Constitutional claims. ECF No. 8. The Court must first decide whether to exercise supplement jurisdiction over these claims.

1   A federal court may exercise supplemental jurisdiction over pendent claims
2   "that are so related to claims in the action within such original jurisdiction that they
3   form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).  However, if a
4   district court has dismissed all the claims over which it has original jurisdiction, it
5   may decline to exercise supplemental jurisdiction over a related claim.  28 U.S.C.
6   § 1367(c)(3).  "[A] federal court should consider and weigh . . . the values of
7   judicial economy, convenience, fairness, and comity in order to decide whether to
8   exercise jurisdiction over a case brought in that court involving pendent state-law
9   claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded
10  by statute on other grounds as stated in Stanford v. MemberWorks, Inc.*, 625 F.3d
11  550, 561 (9th Cir. 2010) (citing *United Mine Workers of America v. Gibbs*, 383
12  U.S. 715 (1966)).  "[I]n the usual case in which all federal-law claims are
13  eliminated before trial, the balance of factors to be considered under the pendent
14  jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over
15  the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.
16   Here, the values of judicial economy, comity, fairness, and convenience
17  weigh in favor of allowing the State court to resolve the remaining claims.  This
18  case has not yet proceeded to discovery let alone trial and therefore falls within the
19  "usual case" in which a federal court should decline to exercise supplemental
20  jurisdiction over remaining state law claims.  *Carnegie-Mellon*, 484 U.S. at 350

n.7. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action and finds remand appropriate.

Consequently, the Court need not address Defendants' Motion for Judgment on the Pleadings (ECF No. 8) as the matter is now moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Judgment on the Pleadings (ECF No. 4) is **GRANTED**. Plaintiff's federal causes of action arising under 42 U.S.C. § 1983 and *Monell* liability against all Defendants are **DISMISSED** with prejudice.

2. Defendants' Motion for Judgment on the Pleadings (ECF No. 8) is **DENIED as moot**.

3. This case is hereby **REMANDED** to Washington State Superior Court for Spokane County for all further proceedings.

The District Court Executive is directed to enter this Order, enter Judgment in favor of all Defendants on Plaintiff's causes of action under 42 U.S.C. § 1983 and *Monell*, furnish copies to counsel, <u>mail a certified copy to the Clerk of the Spokane County Superior Court</u>, and **CLOSE** the file.

**DATED** February 11, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND REMANDING CASE TO STATE COURT ~ 9